LEE, J.,
concurring:
¶ 19. I concur with the majority; however, I feel compelled to elaborate on the role the trial judge serves when a guilty plea is entered. It is true that the judge does not participate in any plea negotiations that take place between the State and the accused and, therefore, when the judge does not parallel the court’s sentencing to that recommended by the State the court has not abused its discretion. However, it is time for a change relative to the trial judge informing the accused of the court’s position on sentencing as opposed to the sentencing recommendation that has been negotiated between the State and the accused.
¶ 20. The trial judge needs to clearly voice the position of the court on whether *949 a State plea bargain recommendation will be'accepted or rejected by the court. Indeed, some trial judges do not accept plea bargain recommendations and make this known from the outset. In this instance the defendant and his attorney are at least informed of the trial judge’s position prior to entering a plea. It is apparent there would be no usurpation or limitation of a trial judge’s power if the judge is required to inform the accused that the court is not going to accept the recommendation of the State relative to the sentencing of the accused and allows the accused to make a fully informed decision as to whether he or she still wishes to enter a plea of guilty.
¶ 21. Furthermore, the trial judge stating that the court is not going to accept the sentencing recommendation offered by the State is not limited by time constraints. The judge has the opportunity to evaluate all of the circumstances presented during the guilty plea hearing relative to the crime(s) charged. After a proper evaluation of all the circumstances, the judge may then notify the accused of the court’s intent to reject the recommendation in sentencing offered by the State.
KING, P.J., AND BRIDGES, J., JOIN THIS SEPARATE WRITTEN OPINION.